UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANESA LEVINE,<br><br>                                              Plaintiff,<br><br>              - against –<br><br>FARIS SAAH a/k/a FARIS M. SAAH a/k/a<br>FARIS MOUSA SAAH a/k/a PROFESSOR<br>FARIS MOUSA SAAH and HARVARD CLUB<br>OF NEW YORK CITY,<br><br>                                              Defendants. | Case No. 1:20-cv-02065-JGK |

## DEFENDANT HARVARD CLUB OF NEW YORK CITY'S  MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
Larry H. Lum
150 East 42nd Street
New York, New York 10017
Telephone: (212) 490-3000

OLSHAN FROME WOLOSKY LLP
John G. Moon
Amelia Hochman
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 451-2300

*Attorneys for Defendant Harvard Club of New York City*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT……………………………………………….........1-3

COUNTER STATEMENT OF FACTS…………………………………………..……. 3-5

ARGUMENT

    I.      This Court Should Deny Plaintiff's Motion to Remand Because
            The Original Complaint Contains A Federal Claim……………………………. 5-10

             A.  The Pullman Rule………………………………………......….…... 5-6
             B.  Application of the Pullman Rule……………………………......……. 6-8
             C.  Home Depot U. S. A., Inc. v. Jackson Clarifies the Pullman
                  Rule Confirming that Jurisdictional Statutes Must Be Strictly
                  Interpreted……………………………………………………….... 8-10

    II.     The First Amended Complaint, Although No Longer
            The Operative Pleading, Still Raises questions of Federal Law……....……..… 10-14

             A.  The *Grable* Exception Applies Here……………………………… 10-12
             B.  The FAC, Although "Artfully Pled," Implicates
                  Federal Interests…………………………………………….…... 13-14

    III.    The Removal was Substantively and Procedurally Proper……………………… 14-15

    IV.    Plaintiff's Request for Award of Attorney's
            Fees and Costs Should be Denied………………………………………..…… 16-17

CONCLUSION……………………………………………………….………........17

# <u>TABLE OF AUTHORITIES</u>

**Cases:**                                                                                                          **Page**

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987)…………... 2, 6, 15

*Certilman v. Becker*, 807 F. Supp. 307, 308 (S.D.N.Y. 1992)………………………………..…..7

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (2005)…………...……...………...16

*City of Chicago v. International College of Surgeon*
522 U.S. 156, 166, 118 S. Ct. 523, 529-30 (1997)………………………….….…………….14, 15

*DeCarlo v. Archie Comic Pub., Inc.,* 11 Fed. Appx. 26, 28 (2001)………………...………....13

*Elmaliach v. Bank of China Ltd*., No 09 Civ. 2130 (PGG), 2010
WL 1172829 at *5 (S.D.N.Y Mar. 26, 2010)……………………………………...………...7

*Fleet Nat'l Bank v. Weightman Grp.,* No. 02CIV 9566 (KMW)(DF), 2003
WL 21781967, at *3 (S.D.N.Y. June 19, 2003)……………………………………………......16, 17

*Franchise Tax Board v. Construction Laborers Vacation Trust*
463 U.S. 1, 8, 103 S. Ct. 2841, 2845 (1983)……………………………………………………….6

*Furchtgott-Roth v. Wilson*, No. 09 Civ. 9877 (PKC), 2010
WL 3466770 at *4 (S.D.N.Y. Aug. 31, 2010)……………………………...……………………..7

*Gan v. Hillside-Ave. Assocs.,* No. 01 CIV. 8457 (AGS), 2001
WL 1505988 at *2 (S.D.N.Y. Nov. 26, 2001)………………………………...…………………..7

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*.,
545 U.S. 308, 312-14 (2005)………………………………………………………….………11

*Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019)…...…………………...8, 9,10

*In Facebook, Inc., IPO Sec. & Derivative Litig*.,
922 F. Supp 2d 475, 481 (S.D.N.Y. 2013)…..........................................................……11

*In re Rezulin Products Liab. Litig.,* 168 F. Supp 2d 136, 141 (S.D.N.Y. Oct 16, 2001)….....…7

*In Touch Concepts, Inc. v Cellco P'ship* 788 F. 3d 98, 101 (2015)………..……….....…...………7

*Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136, 140-141 (2005)……………...……….....16

*Meer Enterprises, LLC v. Kocak,* No. 18 CIV. 00006 (JFK), 2018
WL 1901478, at 3* (S.D.N.Y. Apr. 20, 2018)……………………………….……...……….....7

# TABLE OF AUTHORITIES
## (CONTINUED)

**Cases:**                                                                                                     **Page**

*Montefiore Med. Ctr. V. Teamsters Local 272*, 642 F. 3d 321, 331 (2d Cir. 2011)………...……13

*Natoli v. First Reliance Standard Life Ins. Co.* No. 00 Civ 5914(DC), 2001,
WL 15673, at & *5 (S.D.N.Y 2001)……………………………………………...……..…16

*Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)…………………………...…………..6,10

*Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 471 (1998)………………………..……13

*Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007)……………………….…6

*Segal v. Firtash* No. 13-cv-7818 (RJS), 2014
WL 4470426 at * 8 n.1 (S.D.N.Y. Sept. 9, 2014)…………………………………….…....7

*Standard & Poor's Rating Agency Litig,* 23 F. Supp. 3d 378, 407 (S.D.N.Y. 2014)…………...16

*Sullivan v. Am. Airlines, Inc.,* 424 F. 3d 267, 271, 272 n.4 (2d Cir. 2005)…..………………...13

*Travelers Indem. Co. v. Sarkisian*, 794 F. 2d 754, 758 (1986)……………...…………………...13

*Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp 2d 365, (E.D.N.Y. 2013)…….…..13

*Williams v. Int'l Gun-A-Rama*, 416 Fed. App'x 97,99 (2d Cir. 2011)………………….….16

*Wisconsin Dept. of Corrections v. Schacht,*
524 U.S. 381, 386, 118 S. Ct 2047, 2051 (1998)…………………...………....……………14

*Vera v. Saks & Co.*, 335 F.3d 109, 116 n. 2 (2d Cir. 2003)……………………………..……..7


**Statues**                                                                                                  **Page**

28 U.S.C. § 1331…………………………………………………………..…….2, 6, 9, 17

28 U.S.C. § 1441…………………………………………...……..….2, 6, 8, 9, 10, 14, 15, 17

28 U.S.C. § 1453……………………………………….…………………………………….8

28 U.S.C. § 1447…..……………………………………………….……..……………..16

## PRELIMINARY STATEMENT

Defendant, the Harvard Club of New York City (hereinafter, "Harvard Club" or the "Club"), submits this Memorandum of Law in opposition to Plaintiff's motion to remand this case back to State court.

This case concerns the Harvard Club's expulsion — following an informal hearing — of one of its members, Plaintiff Vanesa Levine (hereinafter, "Plaintiff") from this club, because, *inter alia*:

1) Plaintiff disrupted a Club program such that the other members in attendance were unable to participate in the event;

2) Thereafter, she made false public statements that she was removed from the event for just asking a question;

3) She stated, at the hearing, that she would engage in similar conduct again.

Following her expulsion by the Club's Board of Trustees, in accordance with Club protocol and procedure, Plaintiff sued Professor Faris Saah (hereinafter, "Professor Saah"), a Harvard Professor who attended the event, and the Club.  Plaintiff filed her complaint in N.Y,S, Supreme Court and asserted allegations sounding in, *inter alia:,* fraud, denial of equal protection and due process, breach of fiduciary duty, bias, and intentional and negligent infliction of emotional distress.

Given Plaintiff's allegations of U.S. Constitutional violations, the Harvard Club removed the case to this Court. Plaintiff thereafter amended her complaint and now seeks to remand back to State court.

At its core, this motion is about Plaintiff trying to "make a federal case" out of the Harvard Club termination of her membership for disrupting an educational program at the Club and other violations of the Harvard Club's House Rules.  As such, the original Complaint in New York State Supreme Court specifically invoked the "U.S. Constitution" and other Federal questions.  After

1

removal, the Plaintiff attempted—but failed—to "artfully plead" away the Federal questions that supported removal of the action to this Court.

The Harvard Club appropriately removed the case so that this Court will be in position to thoughtfully mete out justice.   Notably, the Court has original jurisdiction over the Federal claims asserted in the original complaint under 28 U.S.C. §1331. As such, the action is one which may be removed to this Court by Harvard Club pursuant to the provisions of 28 U.S.C. §1441(a) in that it contains claims that arise under the Constitution, laws, or treaties of the United States.  The Federal jurisdictional statutes -- when strictly construed as case law requires -- control.

In the instant motion, with no way to escape the Federal question allegations in her Original Complaint, Plaintiff now asserts that this Court should remand the action to New York State Supreme Court because Plaintiff's First Amended Complaint in U.S. District Court (the "FAC") purportedly fails to contain Federal law questions.  But this is not correct.

*First* Plaintiff analyzes the wrong Complaint. Second Circuit law, clarified by a recent decision of the U.S. Supreme Court, establishes that her original Complaint controls for purposes of a remand motion. As the Supreme Court has held, Plaintiff is "the master of the complaint" with respect to questions of removal.  *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Having specifically plead Federal questions, Plaintiff cannot complain that the Club removed her complaint.

*Second, e*ven assuming, purely *arguendo,* that the FAC could control on this motion, simple deletion of the term "U.S. Constitution," along with similar terms, from the original Complaint, without *any* meaningful modification to the surrounding allegations or withdrawal of *any* counts is a failed attempt at "artful pleading" that does not support remand.

For these reasons alone, Plaintiff's motion to remand fails. In addition, we also refute below Plaintiff's misplaced argument that removal was improper due to the claimed failure to obtain the consent of Professor Saah, who attended the event in question and is a Co-Defendant in this case. In fact, Professor Saah specifically consented to the removal and did so on a timely basis as required by the removal statutes.

## COUNTER-STATEMENT OF FACTS

Plaintiff commenced this action by filing a Summons and Complaint (the "Original Complaint") on January 31, 2020 in New York State Supreme Court, New York County (the "Supreme Court"). On Friday, March 6, 2020, Plaintiff filed a proposed Order to Show Cause for a Temporary Restraining Order ("TRO") against an individual, who (while an officer of the Club) was not even a party to the action.[1] Later that weekend, notification of an appearance before the Court's *Ex Parte* Clerk's Office was scheduled for Monday morning, March 9, 2020, at which Justice Barbara Jaffe was assigned to hear the matter.

On March 8, 2020, *prior to* the hearing before Justice Jaffe, the Harvard Club filed a Notice of Removal with the U.S. District Court for the Southern District of New York ("Southern District"). Given that it was a Sunday afternoon and payment of the filing fee was not processed until Monday morning, counsel for the Harvard Club contacted the Clerk's Office for the Southern District on Monday morning, March 9, 2020 — at the same time that the TRO hearing was taking

---

[1] Plaintiff incorrectly asserted in the TRO Application that a Harvard Club member "violated" New York's "no contact" rule. (Pl. MOL at 4). In fact, as Plaintiff has been repeatedly advised, that ethics rule is entirely inapplicable here, as the member was not acting in any capacity as counsel. *See* "Social Media Ethics Guidelines of the Commercial and Federal Litigation Section of the NYSBA," *available at* https://nysba.org/app/uploads/2020/02/NYSBA-Social-Media-Ethics-Guidelines-Final-6-20-19.pdf (updated April 29, 2019) at 23 (noting that the "no contact" rule applies only to lawyers and a lawyer's agent(s); N.Y.C. Bar Assoc., Formal Op. 2012-2, *available at* https://www.nycbar.org/member-and-career-services/committees/reports-listing/reports/detail/formal-opinion-2010-02-obtaining-evidence-from-social-networking-websites. Moreover, the Facebook communication about which Plaintiff complains was inadvertent and immediately retracted when a news reporter first brought it to Harvard Club's attention.

place -- to inquire about the confirmation of receipt of the removal filing.  The Clerk for the Southern District confirmed that the removal filing on Sunday night could be seen in this Court's information system, and that the filing fee had been processed.

At the TRO hearing, counsel for Harvard Club informed Justice Jaffe on the record that the case had been removed to the Southern District that morning but that formal confirmation of the removal by the State court clerk's office was still pending.  Plaintiff's counsel claimed that he was unaware of the removal — despite the fact that the Club's counsel had included his email address and service information in the notice of removal.  Notwithstanding Plaintiff counsel's actual knowledge of the removal to Federal court, following the TRO hearing, her counsel attempted to file a purported amended complaint in New York State Supreme Court on the afternoon of March 9, 2020. By the time that Plaintiff attempted to file her amended complaint in New York State Supreme Court, the action had already been removed to the Southern District.

On May 20, 2020, Justice Jaffe entered an order deeming the matter disposed, given the removal to the Southern District. (Index No. 151119/2020, Dkt. No. 16). Thus, the operative complaint at the time of removal was, and remains, the Original Complaint.

On May 1, 2020, Plaintiff filed a First Amended Complaint ("FAC") in the Southern District. (Dkt. No. 21).[2]  Among counsel's changes to the Original Complaint, many of which are not relevant here, were the repeated deletion of certain language referencing the United States Constitution and Defendants' alleged violations of Plaintiff's rights to liberty, due process, and equal protection under the United States Constitution. More specifically, Plaintiff:

- Deleted the underlined language "was deprived of liberty" that precedes "suffered fright." *Compare* Original Compl. ¶ 81, *with* FAC ¶ 76.

---

[2] Plaintiff initially filed the FAC in the Southern District on April 29, 2020, but the Court rejected the filing as deficient. (Dkt. Nos. 18-19).

- Deleted the underlined language, "deprived and injured Vanesa Levine <u>of her basic rights as a member, citizen, resident of New York, a woman, a Jew and a victim</u>" such that the FAC reads only "deprived and injured Vanesa Levine." *Compare* Original Compl. ¶ 275 *with* FAC ¶ 251; *compare* Original Compl. ¶ 298 *with* FAC ¶ 274

- Deleted Original Compl. ¶ 237, which contained the language, "<u>The United States Supreme Court, New York Court of Appeals, United States Constitution and amendments thereto, and New York Constitution and amendments thereto, are clear that</u> the right to a public trial and the right to public access to the Courts is guaranteed in almost all cases and certainly in the allegations set forth supra."

- Deleted Original Compl. ¶ 304, which contained the language, "<u>Defendant Harvard Club of New York City House Rule X violates United States and New York Constitutions</u> . . ."

- Deleted all references to alleged "hate crimes" committed by Defendant Saah only against Plaintiff, including by removing the Sixth Cause of Action, which alleges intentional commission of a hate crime, and replacing it with a cause of action for negligence. *Compare* Original Compl. ¶¶ 263-67 *with* FAC ¶¶ 241-43.

- Removing the Tenth Cause of Action alleging that Harvard Club's house rules "violate[] the United States and New York Constitutions and law," and replacing it with a claim for negligent security. *Compare* Original Compl. ¶¶ 302-309 *with* FAC ¶¶ 278-281.

Despite this, as discussed below, Plaintiff's complaint still raises Federal claims.

## ARGUMENT

I.      **THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND BECAUSE THE ORIGINAL COMPLAINT CONTAINS A FEDERAL CLAIM**

Based on the time-honored "Well-Pleaded Complaint" Rule, as clarified by a recent pronouncement the U. S. Supreme Court, the Remand Motion should be reviewed based on the allegations of the Plaintiff's Original Complaint.  As a result, the content of Plaintiff's FAC is simply irrelevant to the instant motion before this Court.

### A.      The *Pullman* Rule

The federal removal statute permits a defendant to remove "any <u>civil action</u> brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C.

§1441(a) (emphasis added).  Accordingly, "state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[T]he propriety of removal turns on whether the case falls [within the requirements for] original 'federal question' jurisdiction . . . ."  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8 (1983).  That issue, in turn, depends upon whether any of the claims pleaded in the Plaintiff's complaint constitute a "civil action <u>arising under</u> the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331 (emphasis added).

An early decision of the Supreme Court of the United States is instructive.  In *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939), the Supreme Court ruled that, the "second amended complaint <u>should not have been considered</u> in determining the right to remove." (emphasis added).  A determination as to the propriety of a removal must "be determined according to the plaintiffs' pleading at the time of the petition for removal." *Id.  Pullman* rejected as "erroneous" the Circuit Court of Appeals' determination that "if it did not sufficiently appear at the time of the petition for removal that the cause was not separable, it did so appear when the second amended complaint was filed.  *See id*. (holding that an amended complaint should not be considered on a motion to remand the action removed by nonresident on ground of separable controversy, since, in such cases, right to remove depends on plaintiffs' pleading at time of petition for removal).  *See also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n. 6 (2007) (noting that "an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction").

### B.  Application of the *Pullman* Rule

Courts in this Circuit have repeatedly adopted the *Pullman* rule, holding that an amendment eliminating an original basis for federal jurisdiction generally does not defeat jurisdiction.  "When a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *See In*

*Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2015). *See, e.g., Vera v. Saks & Co.*, 335 F.3d 109, 116 n. 2 (2d Cir. 2003) (*per curiam*) ("It is settled law that a motion to remand is evaluated on the basis of the allegations as pleaded at the time of removal."); *Segal v. Firtash*, No. 13-cv-7818 (RJS), 2014 WL 4470426, at * 8 n.1 (S.D.N.Y. Sept. 9, 2014) (noting that courts should not consider any amendments made to the complaint after the time of the removal); *Elmaliach v. Bank of China Ltd.*, No. 09 Civ. 2130(PGG), 2010 WL 1172829, at *5 (S.D.N.Y. Mar. 26, 2010) (holding that the original complaint is considered on a motion to remand, not an amended complaint filed after removal that deletes references to federal law in a "bid to defeat federal jurisdiction"); *In re Rezulin Products Liab. Litig.*, 168 F. Supp. 2d 136, 141 (S.D.N.Y. Oct. 16, 2001) ("a court in deciding a motion to remand must look to the allegations in the complaint, rather than to plaintiffs' wishful speculation as to what allegations might be made in an amended complaint following discovery."); *Furchtgott-Roth v. Wilson*, No. 09 Civ. 9877(PKC), 2010 WL 3466770 at *4 (S.D.N.Y. Aug. 31, 2010) ("For the purposes of determining whether this case was properly removed, I must limit my analysis to plaintiff's original Complaint"); *Gan v. Hillside Ave. Assocs.*, No. 01 CIV. 8457 (AGS), 2001 WL 1505988, at *2 (S.D.N.Y. Nov. 26, 2001) (denying motion to remand and concluding that "the Court possessed subject matter jurisdiction over this action at the time of removal because the original complaint contained a federal claim.").

Certain other courts in the Southern District have adopted a rule that bases a remand decision upon an amended complaint, rather than the original pleading. S*ee, e.g., Meer Enterprises, LLC v. Kocak*, No. 18 CIV. 00006 (JFK), 2018 WL 1901478, at *3 (S.D.N.Y. Apr. 20, 2018) (granting motion to remand where a plaintiff voluntarily dismissed federal claims early in the litigation, even when his "manifest purpose in doing so is to defeat federal jurisdiction"); *Certilman v. Becker*, 807 F. Supp. 307, 308 (S.D.N.Y. 1992). These decisions, however, pre-date

the U.S. Supreme Court's recent decision in *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019), as discussed below.

### C.   *Home Depot U. S. A., Inc. v. Jackson* Clarifies the *Pullman* Rule Confirming that Jurisdictional Statutes Must Be Strictly Interpreted

Last year, in *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) [hereinafter, ("*Home Depot"*)], the Supreme Court of the United States clarified the legal landscape with respect to the how strictly a federal statute conferring jurisdiction on the judiciary should be construed. In short, *very strictly. See generally,* Morrison, J., *When a Third-party Defendant is not a Defendant,* (June 4, 2019).[3]

At issue in *Home Depot* was whether third-party defendants in state court actions may remove causes of action to federal court. The Court's Opinion was based upon on the meaning of the term "defendant" in the general removal statute (28 U.S.C. § 1441 (a)) and the Class Action Fairness Act, commonly known as "CAFA." *See* 28 U.S.C. § 1453(b).

As background to its Opinion, the Court noted the importance of strict construction of statutes conferring jurisdiction on the Federal judiciary. The Court emphasized: "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *See Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019).

Then, the Court strictly construed 28 U.S.C. § 1441(a), supporting the proposition that for the Federal courts, jurisdiction is a creature of statute which requires close examination of the relevant statutory language. In *Home Depot*, the Supreme Court reaffirmed that the removal statute

---

[3] Available at:
https://www.google.com/search?q=when+is+a+third+party+defendant+not+a+defendant&rlz=1C1CHBF_enUS798US798&oq=when+is+a+third+party+defendant+not+a+defendant&aqs=chrome..69i57.11581j0j8&sourceid=chrome&ie=UTF-8

applies to entire "civil action[s]," not individual "claims." *Id.* at 1748 (noting that "a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court" by evaluating "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction.").

Applying the reasoning of *Home Depot* that a third-party defendant is not a "defendant" under CAFA to the situation at hand here, the removal statutes do not permit plaintiffs to "amend away" their federal claims -- such as were pleaded in the Original Complaint in this case.  The removal statutes clearly state: "any <u>civil action brought in a State court</u> of which the district courts of the United States have original jurisdiction," 28 U.S.C. §1441(a) (emphasis added); and a "<u>civil action arising</u> under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331 (emphasis added).  Here, a civil action in State court asserted constitutional claims, and the Original Complaint is how the matter *arose*.  There is nothing in the language of the jurisdictional statutes which places the focus of removal on an *amended* Federal complaint.

In this action, the Plaintiff's FAC is nothing more than an in-artfully pleaded version of the Original Complaint.  It is transparent that the FAC was revised on the surface in an attempt to funnel this case—which was properly removed to this Court—back to State court.  Counsel's purported revisions to the Original Complaint in the FAC may inform discovery and other procedural and substantive issues going forward, but the FAC ought not to affect this Court's jurisdictional analysis of the claims raised in the Original Complaint for remand purposes. Rule 15of the Federal Rule of Civil Procedure grants this Court broad discretion to permit Plaintiff to amend the Original Complaint. Nonetheless, we respectfully submit that this discretion yields to

the removal statute, which defines the scope of this Court's jurisdiction and, pursuant to *Pullman* and *Home Depot*, must be strictly construed.

The allegations in the Original Complaint reveal that this dispute includes federal claims, such that Harvard Club properly removed this civil action to this Court under Section 1441(a). The Original Complaint asserts that the Harvard Club violated the U.S. Constitution, by among other things, allegedly:

> (1) depriving Plaintiff "of liberty" and her "basic rights as a member, citizen, resident of New York, a woman, a Jew and a victim" (Original Compl. ¶¶ 81, 275, 298); and

> (2) denying Plaintiff her due process right to a fair hearing.  (*See* Orig. Compl. ¶¶ 237, 304-306) ("[T]he United States Supreme Court, New York Court of Appeals, United States Constitution and amendments thereto, and New York Constitution and amendments thereto, are clear that the right to a public trial and the right to public access to the Courts is guaranteed in almost all cases and certainly in the allegations set forth *supra*).

The Original Complaint also alleged that Harvard Club committed alleged "hate crimes" against Plaintiff.  *Compare* Original Compl. ¶¶ 263-67 *with* FAC ¶¶ 241-43.  Plaintiff cannot credibly argue, let alone deny, that these allegations invoke federal law and, therefore, warrant removal to federal court.

## II.   THE FIRST AMENDED COMPLAINT, ALTHOUGH NO LONGER THE OPERATIVE PLEADING, STILL RAISES QUESTIONS OF FEDERAL LAW

Even setting aside Plaintiff's misplaced reliance on the FAC to support a remand motion, the FAC continues to invoke Federal questions, notwithstanding Plaintiff's misguided strategy of trying to sanitize the FAC from explicit references to the U.S. Constitution.

### A.   The *Grable* Exception Applies Here

Plaintiff asserts that because the FAC purportedly "does not contain any federal questions and only relies upon New York State laws, this Court must remand this action back to New York State Supreme Court." (Pl. MOL at 7).  This is simply not correct.  Under the framework that the

U.S. Supreme Court laid out in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-14 (2005), Plaintiff's claims – regardless of how they are labeled -- "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), involved a quiet title action brought in state court under state law between two private parties. The U.S. Supreme Court addressed the circumstances under which "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 311-12. Although no federal cause of action was pled, the defendant removed the case to federal court on the ground that his right to title depended upon the validity of the process employed by his predecessor in title to enforce a federal tax lien. *Id.* at 311. The Supreme Court affirmed the exercise of jurisdiction, reasoning that the Court had "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.*; *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 475, 481 (S.D.N.Y. 2013) (denying motion to remand case in which plaintiff asserted state law claim for negligence, concluding that resolution of claim would require examination of duties of national securities exchange to members of the public, and duties a national securities exchange owes to members of the investing public, ruling that the answer to that question was found in federal law).

Here, too, Plaintiff's claims sound in Federal law. The FAC still asks this Court to examine whether Harvard Club violated Plaintiff's Federal rights to equal protection and due process. In particular, the FAC alleges that Harvard Club exhibited "bias and prejudice" against Plaintiff,

withheld information from her and deprived her of a fair hearing, equal protection, and due process. *See* FAC ¶¶ 117-158, 204, 256, 271 ("Acting as fact witnesses, de facto judges and jury and also in pre-determining what occurred, or did not occur the evening of the 6th of February 2019, was improper for this assembled body of Trustee committee members in any objective and unbiased semblance of fairness and justice.").  Despite the fact that Plaintiff no longer expressly cites to the provisions of the U.S. Constitution that are the basis for her claimed rights to a fair hearing and equal protection, those constitutional provisions are still implicated by her claims, and most directly by her Seventh Cause of Action (*i.e.,* "Loss of Membership").

Thus, for example, while Plaintiff no longer expressly asserts that Harvard Club House Rule X violates the U.S. Constitution (as she did in Original Compl. ¶ 304), she continues to allege (in FAC ¶ 223) that this Rule should be "void *ab initio* or otherwise unenforceable") and that violation of the Rule cannot therefore be a basis for depriving her of membership.   In the FAC, Plaintiff fails to specify what legal basis there might be for her claims that this Rule is somehow "void or unenforceable" or that the alleged unfairness of the Harvard Club's Rules and Procedures allegedly rendered the Club's decision to expel her from membership unlawful.  However, her Original Complaint plainly grounded those claims in asserted violations of the U.S. Constitution, *see, e.g.*, Original Compl. ¶ 304.  While the FAC may have purposefully excised those explicit references, Plaintiff nowhere states that she does not continue to rely on the U.S. Constitution as the basis for those same claims.  Whether the Harvard Club's Rules and the claimed conduct at issue actually violated the U.S. Constitution therefore remains a key issue in this case.

For that reason, this Court has subject matter jurisdiction over the dispute, and remand is improper.

**B.      The FAC, Although "Artfully Pled," Implicates Federal Interests**

Plaintiff relies on the well-pleaded complaint rule setting forth the premise that a claim arises out of federal law only if a question of federal law appears on the face of the well-pleaded complaint. (*See* Pl. MOL at 5).  But as a "corollary to the well-pleaded [complaint] rule, a plaintiff may not defeat removal by omitting to plead necessary federal questions." *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998); *Sullivan v. Am. Airlines, Inc*., 424 F.3d 267, 271 (2d Cir. 2005) ("a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law").[4]

Applying the "artful pleading" doctrine, this Court, in determining subject matter jurisdiction, may see the FAC for what it really is and thus may consider improperly omitted claims and allegations—including the above-referenced allegations in the Original Complaint. *See, e.g., Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 331  (2d Cir. 2011) (concluding that "it was proper for the District Court to look beyond the mere allegations of the complaint to the claims themselves (including supporting documentation) in conducting its analysis"); *Town of Southold v. Go Green Sanitation, Inc*., 949 F. Supp. 2d 365, (E.D.N.Y. 2013) ("If the plaintiff thus 'artfully pleads' a claim, a court may uphold removal even though no federal question appears on the face of the complaint."). *See infra* Section ___ (discussing Plaintiff's claims in the Original Complaint at ¶¶ 237, 304-306 that Harvard Club deprived her of "liberty" and "basic rights," including under the United States Constitution," including her due process right to a fair hearing).

---

[4] Though the "classic" application of the artful pleading doctrine occurs in the context of federal preemption of state law, the Second Circuit has not expressly limited its use to that area of law. *See Sullivan v. Am. Airlines, Inc*., 424 F.3d 267, 272 n.4 (2d Cir. 2005) ("The precise scope of the artful-pleading doctrine is not entirely clear."); *see also DeCarlo v. Archie Comic Pub., Inc.,* 11 Fed.  Appx. 26, 28 (2001); *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (1986).

Moreover, although Plaintiff attempted to "artfully plead" her revised complaint, the FAC *continues to allege* that the Harvard Club denied Plaintiff her inalienable rights vested by the U.S. Constitution -- regardless of whether the FAC explicitly references "the Constitution." *See, e.g.,* FAC ¶ 252 ("Acting as witnesses, judges and jury was not consistent with a fact finding body and inapposite to even the most basic concepts of equity and fairness"); FAC ¶ 256 (referencing "Defendant Harvard Club of New York City's bias and prejudice" that resulted in [Plaintiff's] loss of membership"); FAC ¶ 273 (referencing Harvard Club's "bias, prejudice").

Accordingly, Federal questions form the gravamen of Plaintiff's amended pleading.

## III.  THE REMOVAL WAS SUBSTANTIVELY AND PROCEDURALLY PROPER

Plaintiff's assertions that there are no Federal questions at issue in this action and that not all Defendants timely filed for removal are both erroneous.

*First,* with respect to the substantive legal underpinnings of the removal, as discussed above, Plaintiff's inclusion of claims arising under the U.S. Constitution is sufficient to bring this action within this Court's jurisdiction, notwithstanding the accompanying state-law based claims for alleged breaches of contract and fiduciary duty, among others. Indeed, "the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal [under 28 U.S.C. §1441(a)]." *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 386 (1998) *(quoting City of Chicago v. International College of Surgeons,* 522 U.S. 156, 166) ("[The] federal claims suffice to make the actions 'civil actions' within the 'original jurisdiction' of the district courts for purposes of removal. . . .  Nothing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that . . . by virtue of the federal claims, [the actions] were 'civil actions' within the federal courts' 'original jurisdiction.'").  Stated differently, "[b]y raising several

claims that arise under federal law, [a plaintiff] subject[s] itself to the possibility that the [defendant] would remove the case to the federal courts." *City of Chicago, 522 U.S.* at 164 (*quoting Caterpillar Inc.,* 482 U.S. at 398-99). Here, Plaintiff invited a removal by alleging that Defendants supposedly denied her certain rights afforded by the U.S. Constitution and under the color of Federal law.

*Second,* removal of this action was procedurally proper, as counsel for the Harvard Club discussed removal of the action with counsel for Co-Defendant Professor Saah *before filing* the removal notice, and Professor Saah *expressly consented* to the removal. Indeed, on March 20, 2020, Professor Saah's counsel filed a Notice of Consent to Removal specifically consenting to the removal of this action to the Southern District (Dkt. No. 16), within the requisite 30 days of the removal, as provided by 28 U.S.C. § 1441(c). Counsel for all parties were scheduled to appear for a pre-motion conference on March 24, 2020, and the Harvard Club's time to Answer was then stayed until further order. Due to the COVID-19 pandemic, the conference was adjourned and held via telephone on April 22, 2020. At that conference, Professor Saah's counsel expressly stated that the Co-Defendant had no legal issues to raise with the Court, including any objection or lack of consent to the removal. Moreover, counsel for Professor Saah affirmatively consented to removal of the action on the basis of the federal questions asserted against both Defendant Harvard Club and Professor Saah, in the May 29, 2020 Affirmation in Support of Defendant Saah's Opposition to Plaintiff Levine's Motion for Costs and Fees and for Plaintiff's Motion to Remand. (Dkt. No. 28 at ¶ 4).

Thus, this Court should disregard Plaintiff's misplaced procedural arguments as they are merely red herrings that misapprehend the record in this action.

### IV.   PLAINTIFF'S REQUEST FOR AWARD OF ATTORNEYS' FEES AND COSTS SHOULD BE DENIED

Under no circumstance is Plaintiff entitled to an award of attorneys' fees as a form of sanctions under 28 U.S.C. § 1447(c).

A court may not award attorneys' fees where an objectively reasonable basis existed for removal in the first instance.  *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136, 140-141 (2005). Objective reasonableness is evaluated based on the circumstances at the time of the removal.  *See Williams v. Int'l Gun-A-Rama,* 416 Fed. App'x 97, 99 (2d Cir. 2011).  In making this determination, a court will look to whether the basis for removal was "substantial or presented a close question, or colorable, even if ultimately unpersuasive." *Fleet Nat'l Bank v. Weightman Grp.,* No. 02CIV.9556(KMW)(DF), 2003 WL 21781967, at *3 (S.D.N.Y. June 19, 2003) (citation omitted).  In short, removal is "'objectively reasonable' if the removing party had a colorable argument that removal was proper." *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 407 (S.D.N.Y. 2014).

Moreover, a fee reward is not justified merely because an action is ultimately remanded to state court. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (2005) (noting that awarding fees simply because a party did not prevail "could discourage all but the most airtight claims, for seldom can a [party] be sure of ultimate success"); *Natoli v. First Reliance Standard Life Ins. Co*., No. 00 Civ. 5914(DC), 2001 WL 15673, at *5 (S.D.N.Y. 2001) (denying motion for costs and attorneys' fees where "defendant's argument for removal was colorable, although ultimately incorrect.").

Here, the Harvard Club's basis for removal was objectively reasonable; indeed, as established above, it is objectively meritorious.  Notably, Plaintiff points to no evidence that the grounds for removal were either frivolous or offered in bad faith. As detailed above, this Court

would have had original jurisdiction over Plaintiff's federal claims asserted in the Original Complaint under 28 U.S.C. §1331. The action was thus properly removed to this Court pursuant to 28 U.S.C. §1441(a) because Plaintiff's claims arise under the Constitution, laws, or treaties of the United States.  Moreover, the procedural underpinnings of the removal were proper, given that counsel for Professor Saah expressly consented to removal verbally and in writing on multiple occasions.  *See infra* Section ___; Dkt. No. 28 at ¶ 4.  Accordingly, as in *Fleet Nat'l v. Weightman,* there is "simply no basis for the Court to award sanctions."  2003 WL 21781967 at *5.

## CONCLUSION

In light of the foregoing, Defendant Harvard Club of New York City respectfully requests that this Court: a) deny plaintiff's motion to remand; b) deny her request for attorneys' fees and costs; c) continue to maintain jurisdiction over this action and d) grant such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
         June 10, 2020

WILSON ELSER MOSKOWITZ          OLSHAN FROME WOLOSKY LLP
EDELMAN & DICKER, LLP


By:  */s/ **Larry H. Lum***_____          By:   */s/  **John G. Moon***_____
     Larry H. Lum                                      John G. Moon
     150 East 42nd Street                              Amelia Hochman
     New York, New York 10017                          1325 Avenue of the Americas
     Telephone: (212) 490-3000                         New York, New York 10019
     E-mail:  larry.lum@wilsonelser.com                Telephone: (212) 451-2300
                                                       E-mail:  jmoon@olshanlaw.com
                                                       Email: ahochman@olshanlaw.com

                                                       *Attorneys for Defendant Harvard*
                                                       *Club of New York City*